1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GERALD M. GAGICH,                                    2:14-CV-300 JCM (VCF)

                    Plaintiff(s),

v.

PENNYMAC LOAN SERVICES,
LLC., et al.,

                    Defendant(s).

**ORDER**

Presently before the court is plaintiff Gerald Gagich's ex parte motion for a temporary restraining order. (Doc. # 5).

**I.    Background**

This is a mortgage and foreclosure related lawsuit. Plaintiff filed this lawsuit against defendants Pennymac Loan Services, LLC and National Default Servicing Corporation. Plaintiff asserts a claims for defective foreclosure and slander of title regarding the property located at 6670 East Owens Ave., Las Vegas, NV 89110 (the "property"). Plaintiff seeks an order from the court declaring that a foreclosure upon the property was null and void, and that title on the property be recorded in plaintiff's name. Plaintiff also seeks general damages, special damages, and economic damages in the amount of $10,000 each.

Plaintiff purchased the property on or about April 29, 2005. As part of the purchase, plaintiff recorded a deed of trust on the property with Paul Financial, LLC listed as the beneficiary. The

**James C. Mahan**
**U.S. District Judge**

original trustee to the deed of trust was Mortgage Electronic Registration Systems, Inc ("MERS").

On or about May 4, 2012, an assignment was recorded with the Clark County Recorder's Office naming defendant Pennymac Loan Services, LLC ("Pennymac") as the beneficiary under the deed of trust. On or about March 15, 2013, defendant National Default Servicing Corporation ("National Default") was substituted as trustee on the deed of trust.

Plaintiff alleges that defendant National Default recorded a notice of default and intent to sell under deed of trust on April 24, 2013. Plaintiff claims that he never received service of this notice.

On or about September 10, 2013, the State of Nevada Foreclosure Mediation Program issued a certificate of foreclosure regarding the property. Prior to that date, plaintiff claims he never received notice that he was eligible to enter the foreclosure mediation program.

Defendant National Default recorded a notice of trustee's sale on September 10, 2013, and a second notice of trustee's sale on October 1, 2013. Plaintiff claims he never received either of these notices.

A foreclosure sale of the property occurred on or about November 12, 2013. Defendant Pennymac purchased the property at auction for $340,000.00.

On December 10, 2013, defendant Pennymac filed an unlawful detainer action against plaintiff in Las Vegas Justice Court in order to have him removed from the property. On February 4, 2014, a temporary writ of restitution was granted but stayed until February 28, 2014.

Plaintiff filed this action in Nevada state court on February 18. 2014. On February 26, 2014, defendant Pennymac removed the case to this court. Plaintiff now seeks a temporary restraining order enjoining defendants from evicting him from the property until a motion for preliminary injunction can be considered by the court.

**II.    Legal Standard**

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard.  Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to

1  preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial

2  nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*,

3  2012 WL 5839490, at *2 (D. Nev. 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739

4  F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must

5  demonstrate that the denial of relief will expose him to some significant risk of irreparable injury."

6  *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d

7  1401, 1410 (9th Cir. 1991)).

8       The Supreme Court has stated that courts must consider the following elements in

9  determining whether to issue a temporary restraining order and preliminary injunction: (1) a

10  likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not

11  granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*,

12  129 S. Ct. 365, 374–76 (2008).  The test is conjunctive, meaning the party seeking the injunction

13  must satisfy each element.

14  **III.   Discussion**

15       **1.   Likelihood of success on the merits**

16       Plaintiff argues that he has a likelihood of success due to defendants' alleged failure to

17  comply with Nevada's notice requirements regarding a foreclosure. Nev. Rev. Stat. 107.087

18  provides,  "A copy of the notice of default and election to sell and the notice of sale must . . . be

19  posted in a conspicuous place on the property not later than . . . 100 days before the date of sale; or

20  . . . for a notice of sale, 15 days before the date of sale." Defendant successfully alleges that

21  defendants failed to post the notice in a conspicuous place on the property at any time. Accordingly,

22  the court finds that plaintiff has demonstrated a likelihood of success on the merits.

23       **2.   Possibility of irreparable injury**

24       Plaintiff asserts that he will be irreparably injured if the eviction proceeds. Indeed, there is

25  little doubt that a forced eviction from his personal residence has a high probability of causing

26  irreparable injury to plaintiff.

27

28

**James C. Mahan**
**U.S. District Judge**

1

### 3.   Balance of hardships

2   As plaintiff's motion is ex parte, the court acknowledges that it does not have the benefit of

3   the adversary system to weigh plaintiff's potential hardships against those of defendants. However,

4   common sense indicates that to force plaintiff from the home that he alleges he rightfully owns

5   presents a greater hardship than to prevent defendants from holding the property for an additional

6   fourteen days. As such, the court finds that the balance of hardships weighs in favor of plaintiff.

7

### 4.   Advancement of the Public Interest

8   The court finds that the public interest weighs in plaintiff's favor in this action. The public

9   certainly has an interest in preventing individuals from being wrongfully forced from their homes.

10   Though the court is aware that the public also has an interest in maintaining the rights of financial

11   institutions to take possession of property in default, the potential social harm that will be incurred

12   by a fourteen-day delay is minimal compared to the possibility of forcing a rightful homeowner onto

13   the street.

14   Accordingly,

15   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's ex parte motion

16   for a temporary restraining order (doc. # 5) be, and the same hereby is, GRANTED.

17   IT IS FURTHER ORDERED that defendants and their agents, representatives, and assigns

18   shall be enjoined from evicting plaintiff from the property located at 6670 East Owens Ave., Las

19   Vegas, NV 89110 until such time as the court determines whether a preliminary injunction is

20   warranted.

21   IT IS FURTHER ORDERED that plaintiff shall post a security bond in the amount of $500

22   before this order shall take effect.

23   IT IS FURTHER ORDERED that this temporary restraining order shall expire in fourteen

24   days pursuant to Federal Rule of Civil Procedure 65, unless further extended by this court.

25   IT IS FURTHER ORDERED that the parties are to appear for hearing and oral argument

26   regarding a preliminary injunction on Thursday, March 13, 2014, at 10:00 a.m.

27

28

**James C. Mahan**
**U.S. District Judge**

1       IT IS FURTHER ORDERED that defendants shall file and serve opposition papers, if any,

2   no later than Friday, March 7, 2014. Plaintiff shall file and serve his reply, if any, no later than

3   Tuesday, March 11, 2014.

4       DATED February 27, 2014 at 1:15 p.m.

5

6   _____

7   **UNITED STATES DISTRICT JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -