ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINA S. BHIRUD, ESQ.
Nevada Bar No. 11462
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: christina.bhirud@akerman.com

*Attorneys for PennyMac Loan Services, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GERALD M. GAGICH, an individual,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>PENNYMAC LOAN SERVICES, LLC, a corporation; NATIONAL DEFAULT SERVICING CORPORATION, a corporation; DOES I-XX and ROE CORPORATIONS, I-XX, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.:   2:14-cv-00300-JCM-VCF<br><br>**ORDER DENYING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION [DKT. 7]** |

Gerald M. Gagich filed an emergency motion for preliminary injunction on February 27, 2014. PennyMac Loan Services, LLC (**PennyMac**) opposed the motion on March 7, 2014 [Dkt. 17], and Gagich replied in support of his motion on March 11, 2014 [Dkt. 21]. Following an initial hearing on March 13, 2014, at 10:00 a.m., Gagich and PennyMac filed supplemental briefs regarding the statute of limitations governing rescission actions under NRS 107.080 (6). *See* Dkts. 24 and 26.

The continued hearing on Gagich's motion took place on March 20, 2014, at 10:00 a.m. The Court having considered the pleadings and papers on file, the oral arguments of counsel, and good cause appearing therefore, makes the following Findings of Fact, Conclusions of Law, and Order:

/ / /

{28375203;1}

**FINDINGS OF FACT**

1. Gagich is the former owner of the property located at 6670 East Owens Avenue, Las Vegas, Nevada 89110.

2. The property was sold at a foreclosure sale on November 12, 2013.

3. Gagich admits he knew about the sale as early as November 14, 2013.

4. Gagich filed this lawsuit on February 18, 2014, 96 days after he admittedly knew about the sale.

**CONCLUSIONS OF LAW**

5. Senate Bill 321 (**SB321**), also known as the Nevada Homeowner's Bill of Rights, went into effect on October 1, 2013.

6. Among other things, SB 321 shortened the statute of limitations for challenging a foreclosure sale under NRS 107.080. As amended, NRS 107.080(5) states, in pertinent part:

   * * *
   Every sale made under the provisions of this section and other sections of this chapter vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption. A sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if:
   * * *
   (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 45 days after the date of the sale

7. NRS 107.080 goes on to state in subsection (6):

   If proper notice is not provided pursuant to subsection 3 or paragraph (a) of subsection 4 . . . the person who did not receive such proper notice may commence an action pursuant to subsection 5 within 60 days after the date on which the person received actual notice of the sale.

8. While SB 321 included a grandfather provision for wrongful foreclosure cases where the notice of default was recorded before October 1, 2013, that provision was not codified in the statute. As amended, NRS 107.080(6) imposes a 60-day limitation period.

9. "When the language of a statute is clear on its face, '[the] court will not go beyond [the] statute's plain language.'" *J.E. Dunn Northwest, Inc. v. Corus Constr. Venture, LLC*, 127 Nev. Adv. Op. No. 5, 249 P.3d 501, 505 (2011) (quoting *Great Basin Water Network v. State Eng'r*, 234 P.3d 912, 918 (Nev. 2010)). The court does not consider legislative history because the statute is plain on its face. *See id*. at 505.

10. The plain language of NRS 107.080(6), as it existed on November 14, 2013, required Gagich to file his complaint within 60 days of the date he had actual notice of the foreclosure sale.

11. Gagich's claim for statutorily defective foreclosure is time-barred because Gagich filed this lawsuit on February 18, 2014, 96 days after he admittedly knew about the sale.

12. Gagich has no likelihood of succeeding on the merits of his rescission claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law,

**IT IS ORDERED, ADJUDGED AND DECREED** that Gerald M. Gagich's emergency motion for preliminary injunction [Dkt. 7] is denied.

APPROVED:

UNITED STATES DISTRICT JUDGE

Dated: April 14, 2014

Submitted by:

**AKERMAN LLP**

/s/ Christina S. Bhirud
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
CHRISTINA S. BHIRUD, ESQ.
Nevada Bar No. 11462
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for PennyMac Loan Services, LLC*

Approved as to form and content by:

**CANNON LAW SERVICES, LLC**

/s/ Ramir M. Hernandez
ROBERT J. FLUMMERFELT, ESQ.
Nevada Bar No. 11122
RAMIR M. HERNANDEZ, ESQ.
Nevada Bar No. 13146
7251 West Lake Meade Blvd., Suite 300
Las Vegas, NV 89128

*Attorneys for Plaintiff*

{28375203;1}

4