1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13
14

GERALD M. GAGICH,

                    Plaintiff(s),

v.

PENNYMAC LOAN SERVICES,
LLC., et al.,

                    Defendant(s).

2:14-CV-300 JCM (VCF)

15

**ORDER**

16       Presently before the court is defendant PennyMac Loan Services, LLC's ("PennyMac")

17 motion to expunge *lis pendens*. (Doc. # 20). Though the deadline has passed, plaintiff has not filed

18 a response.

19       This case involved defective foreclosure and slander of title claims by plaintiff Gerald Gagich

20 against defendants PennyMac and National Default Servicing Corporation. On April 25, 2014, the

21 court entered judgment in favor of defendants. (Doc. # 34). Defendant PennyMac now moves for the

22 court to expunge the *lis pendens* affecting the property at issue in this case.

23       Nev. Rev. Stat. 14.015(3) provides that a party who records a notice of *lis pendens*

24 must establish to the satisfaction of the court either:

25            (a) That the party who recorded the notice is likely to prevail in the
             action; or
26
             (b) That the party who recorded the notice has a fair chance of
27           success on the merits in the action and the injury described in
             paragraph (d) of subsection 2 would be sufficiently serious that the
28

**James C. Mahan**
**U.S. District Judge**

hardship on him or her in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency. . . .

Because the court entered final judgment in favor of defendants, plaintiff has no likelihood of success on the merits of his claims. Thus, defendant PennyMac's motion will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant PennyMac's motion to expunge *lis pendens* (doc. # 20) be, and the same hereby is, GRANTED.

DATED April 30, 2014.

_____

**UNITED STATES DISTRICT JUDGE**